[Cite as *Bartolone v. Dept. of Transp.*, 2009-Ohio-7163.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NICHOLAS BARTOLONE

Plaintiff

v.

DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2009-06672-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1) On July 5, 2009, at approximately 5:30 p.m., plaintiff, Nicholas Bartolone, was traveling west on Interstate 480 in Summit County, when his 2004 Audi S4 struck a large pothole causing tire and rim damage to the vehicle.

{¶ 2} 2) Plaintiff asserted the damage to his car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of defects such as potholes. Plaintiff filed this complaint seeking to recover damages in the amount of $419.43, the cost of replacement parts. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 3} 3) Defendant denied liability in this matter contending no ODOT personnel had any knowledge of the particular pothole prior to plaintiff's property damage occurrence. Defendant advised that ODOT records show no calls or complaints were received regarding the particular damage-causing pothole, which defendant located at state milepost 32.28 on Interstate 480 in Summit County.

Defendant asserted plaintiff did not produce any evidence to establish the length of time the pothole existed at that location prior to 5:30 p.m. on July 5, 2009. Defendant suggested "it is likely the pothole existed for only a short time before the incident." Defendant explained the ODOT "Summit County Manager examines all state roadways within the county at least two times a month" and considering Interstate 480 "is a busy interstate, inspections are done almost daily." The file is devoid of any inspection record. Apparently, no potholes were discovered at milepost 32.28 on Interstate 480 the last time that section of roadway was examined or inspected before July 5, 2009.

CONCLUSIONS OF LAW

**{¶ 4}** For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

**{¶ 5}** Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 6}** In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or

constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 7} Ordinarily, in a claim involving roadway defects, plaintiff must prove either: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD.

{¶ 8} Plaintiff has not produced sufficient evidence to indicate the length of time that the particular pothole was present on the roadway prior to the incident forming the basis of this claim. Plaintiff has not shown that defendant had actual notice of the pothole. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication defendant had constructive notice of the pothole. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has not produced any evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

{¶ 9} Plaintiff has not proven, by a preponderance of the evidence, that defendant failed to discharge a duty owed to him or that his injury was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing condition was created by conduct under the control of defendant, or negligent maintenance on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NICHOLAS BARTOLONE

   Plaintiff

   v.

DEPARTMENT OF TRANSPORTATION

   Defendant

   Case No. 2009-06672-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Nicholas Bartolone
9793 S. Delmonte Blvd.
Streetsboro, Ohio  44241

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
10/14
Filed 11/17/09
Sent to S.C. reporter 3/5/10