[Cite as *Teach v. Ohio Dept. of Transp.*, 2009-Ohio-7195.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

FRANK TEACH

    Plaintiff

    v.

THE OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-07741-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

FINDINGS OF FACT

**{¶ 1}** 1) On August 14, 2009, at approximately 3:00 p.m., plaintiff, Frank Teach, was traveling south on US 23 in Marion County, when his 1993 Ford F-150 truck struck a pothole causing substantial damage to the vehicle. Plaintiff located the damage-causing pothole "on the 1st bridge, curb lane (might be 2nd or 3rd bridge)" on US Route 23 South from Marion-Williamsport Road.

**{¶ 2}** 2) Plaintiff asserted that the damage to his truck was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of defects such as potholes. Plaintiff filed this complaint seeking to recover $465.54, the cost of replacement parts and repair expenses he incurred resulting from the August 14, 2009 incident. The filing fee was paid.

**{¶ 3}** 3) Defendant denied liability in this matter contending that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to

plaintiff's August 14, 2009 incident. Defendant pointed out that ODOT records show no calls or complaints were received before August 14, 2009 regarding the pothole which defendant located "at milepost 11.14 on US 23 in Marion County." Defendant argued that plaintiff has failed to produce any evidence to establish the length of time the pothole existed at milepost 11.14 prior to his property damage occurrence. Defendant suggested that "it is likely the pothole existed for only a short time before the incident." Defendant explained that the ODOT "Marion County Manager inspects all state roadways within the county at least two times a month." Apparently, no potholes were discovered at milepost 11.14 on US Route 23 the last time that section of roadway was inspected before August 14, 2009. ODOT maintenance records note potholes were repaired in the vicinity of plaintiff's incident on March 5, 2009.

**{¶ 4}** 4) Plaintiff filed a response reporting that he attempted to locate the particular damage-causing pothole when he drove on US Route 23 on November 2, 2009. Plaintiff did not produce any evidence to establish the length of time the pothole was present on the roadway prior to 3:00 p.m. on August 14, 2009.

CONCLUSIONS OF LAW

**{¶ 5}** For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

**{¶ 6}** Defendant has the duty to maintain its highways in a reasonably safe

condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 8} Ordinarily, in a claim involving roadway defects, plaintiff must prove that either: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD.

{¶ 9} Plaintiff has not produced sufficient evidence to indicate the length of time that the particular pothole was present on the roadway prior to the incident forming the basis of this claim. Plaintiff has not shown that defendant had actual notice of the pothole. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the pothole. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

{¶ 10} Plaintiff has not proven, by a preponderance of the evidence, that defendant failed to discharge a duty owed to him or that his injury was proximately

caused by defendant's negligence. Plaintiff failed to show that the damage-causing condition was created by conduct under the control of defendant, or negligent maintenance on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

FRANK TEACH

      Plaintiff

      v.

THE OHIO DEPARTMENT OF TRANSPORTATION

      Defendant

      Case No. 2009-07741-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Frank Teach
27 W. Southington Avenue
Worthington, Ohio  43085

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
12/1
Filed 12/23/09
Sent to S.C. reporter 4/16/10