[Cite as *Davies v. Dept. of Transp., Dist. 2*, 2010-Ohio-4033.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


THOMAS R. DAVIES

     Plaintiff

     v.

DEPARTMENT OF TRANSPORTATION, DISTRICT 2

     Defendant

     Case No. 2009-09744-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1} Plaintiff, Thomas R. Davies, filed this action against defendant, Department of Transportation (ODOT), asserting that his 2008 Jeep Commander 4 X 4 was damaged as a proximate cause of negligence on the part of ODOT in maintaining a construction zone on Interstate 475 in Lucas County. In his complaint, plaintiff described the damage incident noting, "I was driving east on I 475 when going under the Douglas Road overpass when my 2008 (Jeep Commander) got covered with concrete splatter." Apparently, an ODOT contractor was pouring concrete on the bridge spanning Interstate 475 and concrete slurry fell from the bridge deck area onto plaintiff's vehicle. Plaintiff recalled the described damage event occurred on September 15, 2009, at approximately 5:30 p.m. Plaintiff further recalled he contacted ODOT on September 18, 2009 to report the concrete splatter incident and was referred to ODOT contractor Posen Construction, Inc. (Posen). Plaintiff related that after calling Posen representatives on multiple occasions to complain about the damage to his vehicle, an agreement was reached to "get someone out to clean" the vehicle. Cleaning company personnel ultimately arrived at plaintiff's location on October 6, 2009 to attempt to remove the concrete splatter from the Jeep. Plaintiff advised he was not satisfied with

this cleaning attempt and consequently a second attempt was made to clean the Jeep of concrete splatter on November 4, 2009. Plaintiff explained that after the second cleaning the stains on the vehicle's body "looked good," but the left and right mirrors and windshield molding "still has stains." Plaintiff submitted photographs depicting the concrete slurry damage on his Jeep. The photographs show multiple flecks of concrete adhered to portions of the entire body of the vehicle including the side mirrors and windshield molding. The trier of fact is unable to determine when the photographs were taken; specifically, either before or after or in between the two cleaning attempts. Plaintiff contended the mirrors and windshield molding on his Jeep remain damaged after two cleanings and these parts need replaced. Therefore, plaintiff filed this complaint seeking to recover $1,725.08, the complete cost of replacement parts. The filing fee was paid.

{¶ 2} Defendant acknowledged plaintiff's damage incident occurred within the limits of a working construction project where ODOT contractor Posen was "improving three structures on I-475 and SR 120 in the City of Toledo in Lucas County." Defendant located plaintiff's damage occurrence at county milepost 14.53 on Interstate 475 which is within the construction project limits. Defendant explained that the construction area of Interstate 475 was under the control of Posen and consequently ODOT had no responsibility for any damage or mishaps on the roadway within the construction project limits. Defendant asserted that Posen, by contractual agreement, was responsible for maintaining the roadway in the construction area, although all work performed was subject to ODOT requirements and specifications. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects, were delegated when an independent contractor takes control over a particular roadway section. Defendant has the duty to maintain its highway in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent

contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119. The evidence presented establishes that the concrete slurry that damaged plaintiff's vehicle emanated from a bridge where ODOT's agents were working.

**{¶ 3}** In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public under both normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462; *Rhodus*, 67 Ohio App. 3d at 729, 588 N.E. 2d 864; *Feichtner*, at 354.

**{¶ 4}** Defendant stated Posen "has made an effort to resolve this matter but plaintiff has not been satisfied with the results." Defendant maintained Posen had plaintiff's vehicle cleaned on two occasions and offered to have the vehicle cleaned for a third time, but plaintiff refused the offer.

**{¶ 5}** Defendant submitted a letter from Posen Claims Coordinator, Michael Thomas, referencing his knowledge about the damage to plaintiff's Jeep and subsequent remedial action taken. Thomas noted Posen sent a cleaning company to plaintiff's location on two occasions and the vehicle was cleaned and polished. Thomas related, "[a] few days after polishing the entire car I ask Mr. Davies how his car looks and he responded that it looks good." According to Thomas, plaintiff subsequently telephoned and requested Posen pay for new mirrors and moldings on the Jeep. Thomas advised that once plaintiff initiated this action, he telephoned plaintiff and, "I asked Mr. Davies if I could take a look at his car, and he denied." In recalling the conversation with plaintiff, Thomas indicated he "offered to send my cleaning company back out for a third time," but plaintiff declined the offer.

{¶ 6} Plaintiff filed a response insisting the mirrors and moldings on his Jeep were still concrete stained after two cleanings and a polishing. Plaintiff acknowledged Michael Thomas called him on January 12, 2009 and requested he be permitted to examine the Jeep. Plaintiff related that during this conversation Thomas offered a cash settlement. However, according to plaintiff, the settlement never proceeded beyond an offer. Plaintiff reported he called Thomas on January 15, 2009 and Thomas "said he wanted to clean it (2008 Jeep Commander) again." Plaintiff indicated he refused the offer to have his vehicle cleaned a third time and wanted a cash settlement for the total cost of replacement parts. Plaintiff did not provide the court with any evidence to evaluate the current condition of his 2008 Jeep Commander.

{¶ 7} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, ""[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477. Additionally, the assessment of damages is a matter within the province of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160. The court finds in the instant claim that plaintiff has failed to produce sufficient evidence to satisfy the trier of fact that the damage to his vehicle has not been remedied by the cleaning and polishing efforts or that the mirrors and moldings on the vehicle need to be

replaced.  Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THOMAS R. DAVIES

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION, DISTRICT 2

    Defendant

    Case No. 2009-09744-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Thomas R. Davies                    Jolene M. Molitoris, Director

5226 Pickle Road
Oregon, Ohio  43618

RDK/laa
3/31
Filed 4/23/10
Sent to S.C. reporter 8/26/10

Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223