[Cite as *Owens v. Ohio Dept. of Transp., Dist. 2*, 2010-Ohio-5822.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GERALD L. OWENS

   Plaintiff

   v.

OHIO DEPT. OF TRANSPORTATION, DISTRICT 2

   Defendant

Case No. 2009-08641-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

**{¶ 1}** 1)  On April 5, 2008, at approximately 6:20 a.m., plaintiff, Gerald Owens, was traveling on Interstate 75 "near the 108 Marker" in Lucas County when his 2002 Jaguar struck a pothole causing tire, rim, and strut damage to the vehicle. Plaintiff contended the damage to his car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in maintaining a hazardous condition on the roadway. Plaintiff filed this complaint requesting damages in the amount of $2,500.00, representing stated automotive repair costs. In his complaint, plaintiff noted the pothole his vehicle struck caused damage to two tires, two rims, and two struts. Attached to the complaint was a copy of a vehicle repair estimate with a total estimated repair costs of $3,305.92. This estimate represents the total repair cost for replacing two tires, four rims, and four struts. The filing fee was paid.

**{¶ 2}** 2)  Defendant filed an investigation report admitting liability for plaintiff's property damage caused by the pothole on Interstate 75. Defendant asserted plaintiff's damages in this claim should be limited to the total cost of replacing two tires, two rims, and two struts.

CONCLUSIONS OF LAW

{¶ 3} 1) For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 4} 2) Defendant has the duty to maintain its highway in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 5} 3) In order to recover in any suit involving injury proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has proven his property damage was proximately caused by negligence on the part of ODOT in failing to timely correct a hazardous roadway condition. *Fite v. Dept. of Transp.*, Ct. of Cl. No. 2009-05757-AD, jud. aff. (12-18-09), 2009-Ohio-7124.

{¶ 6} 4) As trier of fact, this court has the power to award reasonable

damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 7} 5) Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶ 8} 6) Plaintiff has suffered damages in the amount of $1,758.64, the total cost of replacing two tires, two rims, and two struts. Therefore, defendant is liable to plaintiff in the amount of $1,758.64, the cost of automotive repair, plus the $25.00 filing fee, which may be awarded as costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GERALD L. OWENS

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION, DISTRICT 2

    Defendant
    Case No. 2009-08641-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $1,783.64, which includes the filing fee.  Court costs are assessed against defendant.



DANIEL R. BORCHERT
Deputy Clerk

Entry cc:


Gerald L. Owens
405 Quackenbos Street N.W.
Washington, DC  20011

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
6/18
Filed 8/3/10
Sent to S.C. reporter 11/23/10