[Cite as *Hauss v. Ohio Dept. of Transp.*, 2010-Ohio-6683.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANDREW K. HAUSS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-05382-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

**{¶ 1}** Plaintiff, Andrew K. Hauss, filed this action against defendant, Department of Transportation (ODOT), contending his 2008 Mazda 6 was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 71 North in Franklin County. Specifically, plaintiff related the tires and rims on his car were damaged as a result of striking a huge pothole "[r]ight around the sign for 315 Worthington" on Interstate 71. Plaintiff recalled the damage incident occurred on January 24, 2010 at approximately 6:35 p.m. In his complaint, plaintiff requested damages in the amount of $450.09 for the costs of replacement parts and rental car expenses, plus $60.00 for work loss related to the incident. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim. Defendant did not contest liability in this matter. Defendant disputed plaintiff's damage claim for work loss.

## CONCLUSIONS OF LAW

**{¶ 2}** 1) For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that

duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 3} 2)  Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 4} 3)  In order to recover in any suit involving injury proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has proven his property damage was proximately caused by negligence on the part of ODOT in failing to timely correct a hazardous roadway condition. *Fite v. Dept. of Transp.*, Ct. of Cl. No. 2009-05757-AD, jud. aff. (12-18-09), 2009-Ohio-7124.

{¶ 5} 4)  As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 6} 5)  Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462.

Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶ 7} 6)    Plaintiff has suffered damages in the amount of $510.09, the total cost of replacing two tires, two rims, car rental expense, and work loss.  Therefore, defendant is liable to plaintiff in the amount of $510.09, plus the $25.00 filing fee, which may be awarded as costs pursuant to R.C. 2335.19.  See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANDREW K. HAUSS

       Plaintiff

       v.

OHIO DEPARTMENT OF TRANSPORTATION

       Defendant

        Case No. 2010-05382-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $535.09, which includes the filing fee. Court costs are assessed against defendant.


DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Andrew K. Hauss                          Jolene M. Molitoris, Director
400 E. 15th Avenue                       Department of Transportation
Apt. A-1                                 1980 West Broad Street
Columbus, Ohio  43201                    Columbus, Ohio  43223

RDK/laa
10/27
Filed 12/29/10
Sent to S.C. reporter 2/25/11