**HILLARD, Admr. v WESTERN & SOUTHERN LIFE INS. CO.**

Ohio Appeals, 3rd Dist, Allen Co

No 800.   Decided Jan 6, 1941.

B. F. Welty, Lima, for plaintiff-appellant.

Wheeler, Pentley, Neville & Cory, Lima, for defendant-appellee.

## OPINION

By GUERNSEY, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Allen County, Ohio, dismissing the petition of the plaintiff Darius W. Hillard, as administrator with the will annexed of Roma H. Hillard, at his costs, after sustaining a general demurrer of the defendant The Western & Southern Life Insurance Company to the petition, and after plaintiff had signified his desire to not further plead.

The only assignment of error is that the court erred in sustaining the demurrer of the defendant to the petition.

The petition filed by the plaintiff alleges in substance that Darius W. Hillard was appointed and qualified as administrator with the will annexed of Roma H. Hillard; alleges the corporate capacity of the defendant; alleges that said Roma H. Hillard had on the 20th day of June, 1938, for a consideration stated in the petition secured a policy of life insurance from the defendant under which the defendant contracted and agreed to pay a stated sum upon her death.

It is further alleged that on June 27, 1938, some seven days after the parties had entered into the contract of life insurance aforesaid, plaintiff's decedent submitted to an operation during the course of which it was learned that she was suffering from cancer of the liver; and further alleges that plaintiff's decedent had no knowledge of the fact that she was suffering from such disease until August 11, 1938, when the agent of the defendant called upon her at her home and informed her of such fact, plaintiff's decedent at the time being under the care of a physician and under the influence of morphine to quiet her pain, and recovering from a surgical operation.

The petition further alleges that said agent at said time informed plaintiff's decedent that she had obtained said insurance by fraudulent representation.

The petition further alleges "That said agent informed said Roma H. Hillard that she had cancer at the time she secured said insurance, which statement so made was wilful, intentional and wanton to cause said Roma H. Hillard to surrender such policy."

The petition further alleges that the agent of the defendant demanded the surrender of such policy of insurance,

which policy was thereupon surrendered by plaintiff's decedent.

The petition further alleges that after plaintiff's decedent had received the information as aforesaid, to-wit: "that she had cancer she refused to take any nourishment, became despondent, went to bed, suffered mental anguish and great pain, and died from the shock of said information on the 13th day of August, 1938."

The petition further alleges that said agent of the defendant while in the course of his employment "wrongfully and wilfully killed said Roma H. Hillard in the manner as herein set forth, to the damage of the plaintiff in the sum of $10,000."

The petition further alleges that because of said injuries to Roma H. Hillard plaintiff incurred the sum of $245.95 funeral expenses.

The prayer of the petition is for judgment against the defendant in the sum of $10245.95 with interest on $245.95 from the 13th day of August, 1938, and for costs of suit.

The demurrer to the petition is upon the ground that the petition upon its face fails to disclose facts sufficient to state a cause of action in law against the defendant.

It will be noted that this is an action by the administrator in his representative capacity not brought under the provisions of §§10770 and 10772 GC, giving an independent right of action for the benefit of the persons named in §10772, where death has resulted from the injuries, to recover for such pecuniary injury resulting from such death, where such right arises from an act, neglect or default, such as would have entitled such person to maintain an action and recover damages in respect thereof, if death had not ensued.

Sec. 11235 GC, provides that: "In addition to the causes which survive at common law, causes of action for injuries to the person also shall survive; and the action may be brought notwithstanding the death of the person entitled or liable thereto."

Under the provisions of this section an administrator may maintain an action independent of the provisions of §§10770 and 10772 GC, for injuries sustained by his decedent, in the same manner the decedent could have maintained such action if he had survived. In such an action by the administrator the damages are limited to damages for the injuries accruing during the lifetime of the decedent and do not comprehend damages for death resulting from such injuries, or funeral expenses occasioned by such death.

While the petition in the instant case alleges that the agent of the defendant wrongfully and wilfully killed plaintiff's decedent, such allegation, together with the allegation as to the amount of funeral expenses, insofar as this action is concerned, are mere surplusage, and the other facts alleged in the petition are sufficient to state a cause of action in favor of the administrator under the provisions of §11235 GC, above mentioned, if the petition otherwise states a cause of action. **Mahoning Valley Railroad Company v Vanalsene, 77 Oh St 395. May Coal Company v Robinet, 120 Oh St 110.** We will therefore consider whether the petition otherwise than in the particulars mentioned, states a cause of action.

It is the settled law of this state that: "No liability exists for acts of negligence causing mere fright or shock unaccompanied by contemporaneous physical injury even though subsequent illness results, where the negligent acts complained of are neither wilful nor malicious. Third subdivision of Syllabus, **Miller v Railroad Company, 78 Oh St 309;** approved and followed in the case of **Davis v Cleveland Railway Company, 135 Oh St 401.**

In the opinion in the case of **Davis v Cleveland Railway Company, 135 Oh St 401,** the rule set forth in the third subdivision of the syllabus in the Miller case is considered as extending to all cases of negligence of the character mentioned including those where

the physical injury is a natural, probable and proximate result of a nervous condition which itself is a natural and proximate consequence of the defendant's negligence.

While the rule in terms excludes from its operation only cases in which the negligent acts, that is, the acts of misconduct, complained of are either wilful or malicious, the reasons for the exclusion of such types of cases from the operation of the rule as set forth in the opinion necessarily require the exclusion from its operation of cases where the acts of misconduct complained of are wanton, and we so hold.

The question to be determined then is whether the petition states a cause of action for wilful, malicious or wanton misconduct. In order to make such determination it is necessary to consider what constitutes wilful, malicious or wanton misconduct, and the rules of pleading applicable thereto.

Wilful tort, that is, wilful misconduct, involves the element of intent or purpose. It also involves the element of malice or ill-will, but it is not necessary to show actual malice or ill-will. It may be shown by indifference to the safety of others after knowledge of their danger, or failure after such knowledge to use ordinary care to avoid injury. **Payne v Vance, 103 Oh St 59.**

Wanton misconduct is such conduct as manifests a disposition to perversity, and it must be under such surrounding circumstances and existing conditions that the party doing the act or failing to act must be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in all common probability result in injury. **U. S. Pipe Company v Bassett, 130 Oh St 567.**

As wilful misconduct involves both intention and malice, an allegation that the act was wilfully, intentionally and maliciously committed amounts to no more than an allegation that the act was wilfully committed.

If wilful misconduct is relied on for recovery in an action for damages for personal injuries facts must be pleaded which reveal on their face the element of wilfulness.

And if wanton misconduct is relied on for recovery in an action for damages for personal injuries facts must be pleaded which reveal on their face the element of wantonness. **U. S. Pipe Company v Bassett, 130 Oh St 567.**

Examining the allegations of the petition in the instant case in the light of these rules it will be observed that while the petition alleges that the statement made by defendant's agent to plaintiff's decedent that she had cancer at the time she secured the policy of insurance mentioned in the petition, was wilful, intentional and wanton, the purpose of the agent in making the statement is restricted by the allegation to have been "to cause Roma H. Hillard to surrender said policy", which in itself was a perfectly proper purpose. It will also be observed that there are no facts pleaded in the petition which reveal on their face any intent or purpose on the part of the agent of the defendant to injure plaintiff's decedent, or of any knowledge on the part of the defendant's agent of danger to plaintiff's decedent upon which there might be predicated an inference of indifference to the safety of the plaintiff's decedent after knowledge of her danger, or failure after such knowledge to use ordinary care to avoid injury, constituting wilful misconduct; and there are no allegations of facts which reveal on their face conduct on the part of the defendant's agent manifesting a disposition to perversity under such surrounding conditions that the party doing the act or failing to act must be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in all common probability result in injury, constituting wanton misconduct.

The petition therefore does not state a cause of action for either wilful misconduct or wanton misconduct, and

as for the reasons hereinbefore mentioned it does not state a cause of action for negligence, the Common Pleas Court properly sustained the demurrer to the petition and dismissed the same, and its judgment will be affirmed at costs of appellant.

CROW, PJ. & KLINGER, J., concur.