SHINAVER, EXR., ET AL., APPELLANTS, *v.* SZYMANSKI ET AL., APPELLEES.

[Cite as Shinaver *v.* Szymanski (1984), 14 Ohio St. 3d 51.]

52

(No. 83-1503—Decided December 5, 1984.)

*Mr. Lawrence T. Curtis* and *Mr. Wilbur C. Jacobs,* for appellants.

*Messrs. Eastman & Smith, Mr. David F. Cooper, Mr. Richard L. Berry, Jr.,* and *Mr. Rudolph A. Peckinpaugh, Jr.,* for appellee Roy Scherzer and Indianhead Truck Line, Inc.

*Messrs. Jones, Schell & Schaefer* and *Mr. Stephen A. Schaefer,* for appellee Mark B. Allen.

CLIFFORD F. BROWN, J. This appeal raises the question of whether plaintiff-appellant was prejudiced by the lower courts' failure to apply the concept of comparative negligence to the instant facts.

R.C. 2315.19(A)(1) provides in pertinent part:

"In negligence actions, the contributory negligence of a person does not bar the person or his legal representative from recovering damages that have directly and proximately resulted from the negligence of one or more other persons, if the contributory negligence of the person bringing the action was no greater than the combined negligence of all other persons from whom recovery is sought. However, any damages recoverable by the person bringing the action shall be diminished by an amount that is proportionately equal to his percentage of negligence * * *."

The effective date of the above statute is June 20, 1980. The accident at bar occurred on January 22, 1980. However, this court has held that the principle of comparative negligence as defined in R.C. 2315.19 shall apply to all negligence actions *tried* after June 20, 1980 regardless of when the cause of action arose. *Wilfong* v. *Batdorf* (1983), 6 Ohio St. 3d 100, paragraph three of the syllabus. The trial court entered summary judgment in favor of all defendants on February 22, 1983. Thus, although *Wilfong, supra,* had not yet been announced, R.C. 2315.19 applies to the instant cause, and it must be determined whether the facts herein raise an issue of negligence on the part of defendants, thereby warranting a remand for the determination of their respective degrees of negligence compared to that of plaintiff.

It should first be noted that we accept the ruling of the courts below to the effect that plaintiff was in fact negligent *per se* for failing to maintain the assured clear distance ahead. See *Tomlinson* v. *Cincinnati* (1983), 4 Ohio St. 3d 66, 69. The record indicates that plaintiff was aware he was gaining on the vehicles in front of him before he realized there was an accident and before he applied his brakes. Plaintiff argues that the "sudden emergency" exception should apply here, excusing him from compliance with the assured-clear-distance-ahead requirement. This is incorrect. This

exception states that a driver does not violate the statute where the assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance into his path of an obstruction which renders him unable, in the exercise of reasonable care, to avoid a collision. *Erdman* v. *Mestrovich* (1951), 155 Ohio St. 85 [44 O.O. 97], paragraph two of the syllabus. This case clearly does not involve the intrusion of an obstacle with a degree of suddenness which would render plaintiff incapable of avoiding a collision. Nor do weather conditions which result in slippery road surfaces excuse compliance. *Ventress* v. *Frambes* (1964), 176 Ohio St. 337 [27 O.O.2d 278], paragraph one of the syllabus. Finally, there is no question but that the tractor-trailer with which plaintiff collided was "reasonably discernible" to him, since he testified that he actually saw it before he applied his brakes. Thus, he cannot claim exemption from the statute under the rule that R.C. 4511.21 does not apply where the object was not reasonably discernible to the driver. See *McFadden* v. *Elmer C. Breuer Transp. Co.* (1952), 156 Ohio St. 430 [46 O.O. 354], paragraph one of the syllabus.

Having concluded that plaintiff was indeed contributorily negligent as a matter of law, we now turn to a determination as to whether the evidence adduced below raises a question of negligence on the part of any of the defendants. If we so find, it follows that summary judgment was inappropriate given the effect of R.C. 2315.19.

Upon an examination of the record, we conclude that no evidence was presented which would reasonably support a finding of negligence on the part of defendants Blanchard and Allen. The record demonstrates that they were both able to stop their vehicles in time to avoid a collision. They had no time to move off the road out of the way of traffic before their vehicles were struck by Scherzer. There was no evidence whatsoever that any course of action reasonably available to Blanchard and Allen could have prevented the accident in question, nor that their conduct had any causal connection with plaintiff's injury or his wife's death. Thus, reasonable minds could only conclude that defendants Blanchard and Allen were not negligent, nor were their actions a proximate cause of the collision. Summary judgment in their favor was therefore appropriate. See Civ. R. 56(C).

As to defendants Scherzer and Indianhead Truck Line, Inc., Scherzer's failure to stop within the assured clear distance ahead was negligence *per se* as a violation of R.C. 4511.21.

At this juncture it should be noted that the negligence of Clifford Shinaver, as driver of the pick-up truck, may not be imputed to his passenger, the decedent Dorothy Shinaver. *Parrish* v. *Walsh* (1982), 69 Ohio St. 2d 11 [23 O.O.3d 7]; *Hocking Valley Ry. Co.* v. *Wykle* (1930), 122 Ohio St. 391; *Rehklau* v. *Bourne* (1928), 118 Ohio St. 494; 39 Ohio Jurisprudence 2d (1959) 676-677, Negligence, Section 114. The complaint contains operative facts supporting three separate claims for relief, name-

ly: (1) plaintiff's claim for his own personal injuries; (2) plaintiff's claim for personal injuries, pain and suffering and medical expenses for Dorothy Shinaver prior to her death which survived to the plaintiff as executor; and (3) plaintiff's claim as executor of the estate of Dorothy Shinaver for damages for wrongful death brought pursuant to R.C. 2125.01 for the benefit of her beneficiaries, namely, her husband and children.

Where the plaintiff driver is travelling immediately behind the defendant driver, and both parties are negligent *per se* for failing to maintain the assured clear distance ahead in violation of R.C. 4511.21, the question of whether the negligence of either party was the proximate cause of the ensuing collision, in which the plaintiff driver sustained personal injuries, is for jury determination. The defendant driver immediately ahead of plaintiff has no right to summary judgment. *Cascone* v. *Herb Kay Co.* (1983), 6 Ohio St. 3d 155; *Mudrich* v. *Standard Oil Co.* (1950), 153 Ohio St. 31 [41 O.O. 117], paragraph two of the syllabus; 39 Ohio Jurisprudence 2d (1959) 525-530, Negligence, Sections 26-28; *Jolley* v. *Martin Bros. Box Co.* (1950), 89 Ohio App. 372 [46 O.O. 157], paragraph three of the syllabus; *Smith* v. *Rawlins* (1960), 253 N.C. 67, 116 S.E. 2d 184; Annotation (1962), 85 A.L.R. 2d 613, 628, Section 8. Thus, the foregoing legal principle applies to plaintiff's first claim for relief for his own personal injuries.

The contributory negligence of plaintiff is not relevant to the second claim for relief whereby recovery is sought for the personal injuries, pain and suffering of decedent Dorothy Shinaver, and her own medical expenses prior to her death, a cause of action which survived to the plaintiff as executor. This second claim for relief is unaffected by plaintiff's contributory negligence because his negligence is not imputed to his passenger. *Parrish* v. *Walsh, supra.* Under the general survival statute, R.C. 2305.21, a victim's right of action for personal injuries survives and passes to her personal representative, and may be instituted for the benefit of the estate, notwithstanding that death resulted from injuries for which an action could also be maintained under the Wrongful Death Act, R.C. 2125.01 *et seq. Wellston Iron Furnace Co.* v. *Rinehart* (1923), 108 Ohio St. 117, paragraph two of the syllabus; 1 Ohio Jurisprudence 3d (1977) 578, Actions, Section 156. Under R.C. 2305.21, an administrator or executor may maintain an action in the same manner in which decedent could have maintained such action if she had survived. *Hillard* v. *Western & Southern Life Ins. Co.* (1941), 68 Ohio App. 426 [23 O.O. 133].

With regard to the third claim for relief, namely, the wrongful death action for Dorothy Shinaver under R.C. 2125.01, the contributory negligence of the plaintiff is available as a defense against those beneficiaries whose negligence contributed to the death of the deceased, but not against those who were free from negligence. The negligence of one beneficiary is not imputed to the other beneficiary so as to bar recovery by the latter. *Cleveland, C.C. & St. Louis Ry. Co.* v. *Grambo* (1921), 103 Ohio St. 471; 30 Ohio Jurisprudence 3d (1981) 323, Death, Sec-

tion 73. The contributory negligence of plaintiff Shinaver is a partial defense only as to his share of the right to a recovery of damages, but does not constitute a defense to the right of his children to recover damages. This issue of the contributory negligence of the plaintiff in the wrongful death action (and the negligence of defendants Scherzer and Indianhead Truck Line, Inc., as being the proximate cause of the death) must be submitted to the jury pursuant to the comparative negligence provisions of R.C. 2315.19(A)(1).

The judgment of the court of appeals is hereby reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

CELEBREZZE, C.J., SWEENEY and J. P. CELEBREZZE, JJ., concur.

W. BROWN, LOCHER and HOLMES, JJ., dissent.

LOCHER, J., dissenting. Although I agree in principle with the majority that consistent application of comparative negligence doctrine necessitates a factual examination of proximate causation, even where there is negligence *per se,* I cannot agree with its conclusions in this case.

My primary concern is with bringing in Indianhead Truck Line, Inc. and Szymanski as defendants. Under the facts, as the majority has conceded, no basis exists to hold defendants Blanchard and Allen liable. Yet although the majority is able to come up with a series of assertions to excuse Blanchard and Allen — there was no time to move their vehicles off the road away from the first accident when Szymanski's car spun out of control, or no course of action reasonably available could have prevented the second accident in question—the majority goes on to assume Indianhead Truck Line and Szymanski were somehow at fault. No factual basis is offered for this assumption by the majority. I question how a jury can perceive what a majority of this court is apparently unable to articulate. Even if we were to assume, *arguendo,* that proximate causation for the second accident exists with respect to Szymanski, who had the misfortune of precipitating the first accident, it is difficult to find any similar liability with respect to Indianhead Truck Line. As we reiterated in *Gelbman* v. *Second Natl. Bank of Warren* (1984), 9 Ohio St. 3d 77, 80: " '* * *[I]t is unreasonable to impose that duty [of care] where the realities of every day experience show us that, regardless of the measures taken, there is little expectation that one made responsible could prevent the negligent conduct.' " While some notion of proximate causation may be stretched to include Indianhead Truck Line, I fail to see the duty owed to the plaintiff under the instant circumstances.

Plaintiff admits that he was not involved in the original accident apparently precipitated by Szymanski, but was involved *after* that accident had occurred:

"Q. Getting back to the accident itself, Mr. Shinaver, other than the tractor-trailer rig ahead of you, the one you ran into, could you observe any of the other vehicles that were involved in the accident before it happened?

"A. No. Well, change that. The accident was up ahead beyond the semi truck. * * * I saw the accident before I struck the truck.

"Q. Okay.

"A. But I didn't see it happen.

"Q. You did not see it happen?

"A. No.

"Q. Could you tell me what you did observe before your own impact as far as vehicles ahead of the truck?

"A. As I crested over the bridge, I could see the accident ahead.

"Q. Okay, and if you could describe for me what you saw.

"A. I saw the semi tractor then two other cars across the road down below."

This admission was buttressed by the tractor-trailer driver's, Roy Scherzer's, statement that plaintiff's accident with the tractor-trailer occurred "a few seconds after" the first accident. No evidence was adduced to show that either of the defendants could have taken any steps to prevent plaintiff's collision — a point the majority tacitly concedes by its omission of any reference to a potential factual basis for either defendant's liability.

Apparently the majority predicates liability on whether the defendants had committed any negligent act against any other party prior to the time plaintiff negligently hit the tractor-trailer. Application of this novel doctrine would suggest that if the tractor-trailer stopped a few inches short (giving plaintiff marginally *less* room to stop), thereby avoiding hitting the car in front, no liability could attach.

Even more intriguing, and ominous, is the implication for the driver of the first car in the line, Szymanski. Apparently if one gets into an accident, he is now expected to foresee every separate and discrete accident arising from the negligence of others occurring thereafter. I would question this perpetual extension of liability. Moreover, at least two cars *were* able to stop and avoid hitting Szymanski when her car went out of control during the original accident.

To conclude, it is quite evident that sending this case to a jury without either legal or factual basis serves no purpose whatsoever except to give plaintiff "one more bite at the apple." The majority's new *ex cathedra* legal theory, under the facts before us, appears to be an example of some new double standard that summary judgment will never apply to preclude recovery in a tort action. Our courts are overcrowded enough without in

effect mandating jury trials for all tort allegations no matter how spurious.

W. BROWN and HOLMES, JJ., concur in the foregoing dissenting opinion.