OPINION JUDGMENT ENTRY
{¶ 1} On November 23, 1999, appellant, Marie Smith, sustained serious injuries in a multiple motor vehicle accident on Interstate 77 in New Philadelphia, Ohio. The accident involved twenty-one vehicles and thick fog. Appellant struck a tractor-trailer truck and was ejected from her vehicle. Thereafter, she was struck by two vehicles.
 {¶ 2} On November 21, 2001, appellant, together with her husband, Robert Smith, filed a complaint against the drivers of the two vehicles, appellees, Amy McVicker and Paul Holden. Both appellees moved for summary judgment. A hearing was held on August 14, 2003. By judgment entry filed November 20, 2003, the trial court found in favor of appellees.
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court erred in granting summary judgment in favor of appellees McVicker and holden without articulating any basis therefor in its decision and order."
 II {¶ 5} "The trial court erred in granting summary judgment in favor of appellees McVicker and holden on the apparent basis that the `sudden emergency' or `act of god' doctrines excused said appellees from striking plaintiff's body on the highway with their respective vehicles and thus warranted judgment in favor of appellees as a matter of law."
 III {¶ 6} "The trial court erred in granting summary judgment in favor of appellees McVicker and holden on the apparent basis that the plaintiff at the time of ruling could not specify precisely what injury was caused by each respective driver in their striking plaintiff's body on the highway thus warranting judgment in favor of appellees as a matter of law."
 I {¶ 7} Appellants claim the trial court erred in not giving any basis for its decision. We disagree.
 {¶ 8} Summary judgment decisions are seen as "de novo" review for the court of appeals and therefore, neither Civ.R. 56 nor this court require such findings. Further, it is clear from the summary judgment hearing transcript that the trial court was going to address the issues of Act of God and sudden emergency only, and if it determined neither were applicable for summary judgment, then discovery would be reconvened on the issue of damages. T. at 40.
 {¶ 9} Assignment of Error I is denied.
 II {¶ 10} Appellants claim the trial court erred in granting summary judgment to appellees. We disagree.
 {¶ 11} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 12} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 13} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 {¶ 14} Appellee Holden based his summary judgment motion on the affirmative defense of "Act of God." "Act of God" in its legal significance means "any irresistible disaster, the result of natural causes, such as earthquakes, violent storms, lightning and unprecedented floods." Piqua v. Morris (1918),98 Ohio St. 42, 47-48. "It is well-settled Ohio law that if an `Act of God' is so unusual and overwhelming as to do damage by its own power, without reference to and independently of any negligence by defendant, there is no liability." Andrews v. Ohio Dept. ofTransp., Court of Claims No. 2002-05336-AD, 2002-Ohio-7232, citing Piqua at 49. Appellee McVicker based her motion for summary judgment on the affirmative defense of sudden emergency and proximate cause of injuries. Appellee McVicker argued she was not liable for violating Ohio's assured clear distance statute, R.C. 4511.21, because of a sudden emergency, i.e. the fog. The Supreme Court of Ohio in Shinaver v. Szymanski (1984),14 Ohio St.3d 51, 54, described "sudden emergency" as, "a driver does not violate the statute where the assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance into his path of an obstruction which renders him unable, in the exercise of reasonable care, to avoid a collision."
 {¶ 15} The facts are basically undisputed and as appellants acknowledge, the clearest and most factual account of the accident involving appellant and appellees is from Jim Dickey, a truck driver who was present when appellees' vehicles entered the crash scene. Appellant's Brief at 21. The uncontested facts are as follows:
 {¶ 16} 1. On the morning of the accident, the sky was clear with no apparent fog on Interstate 77 to those proceeding southbound. Dickey depo. at 6; Holden depo. at 7.
 {¶ 17} 2. Fog had been present earlier on State Route 250, but had lifted and fog was not visible until the accident on Interstate 77. Holden depo. at 6-7.
 {¶ 18} 3. Mr. Dickey has been a truck driver for twenty-eight years, and opined there was no forewarning to the fog. Dickey depo. at 38-39.
 {¶ 19} 4. Mr. Dickey described the fog as a "wall of fog"; the thickest he ever saw with no forewarning with a depth of 100 to 150 feet. Dickey depo. at 6, 39.
 {¶ 20} 5. Mr. Dickey described the nature of the fog in his deposition at 6 as follows:
 {¶ 21} "Well, I guess we'll start right Dick Schallis was the guy I was trucking with. I was following him. It was a nice, clear morning. I am going to guess and say it was quarter to 8:00 I believe it was, nice, clear morning. We came up that hill traveling southbound, got over top and it looked like smoke, it was boiling, roaring down the road, one of those deals. I have drove in a lot of fog. I leaned up in the seat and went, what the hell is that. That's how bad it was. Dick Schallis immediately disappeared. He was in front of me. Like that disappeared."
 {¶ 22} 6. Both appellees McVicker and Holden did not see that they were approaching a fog wall, but appellee McVicker noticed northbound vehicles on Interstate 77 were flashing their lights (McVicker depo. at 7-8) and appellee Holden observed a woman standing on the right hand berm frantically waiving her arms. Holden depo. at 7.
 {¶ 23} 7. In response to these warning signals, appellees immediately slowed their vehicles. McVicker depo. at 8; Holden depo. at 7. Within seconds, appellees observed the wall of fog and attempted to avoid any collisions. Id.
 {¶ 24} 8. Appellees McVicker and Holden were vehicle numbers 19 and 20, respectively, in the 21 motor vehicle accident. Holden depo. at 33.
 {¶ 25} 9. Neither appellee was following another vehicle.
 {¶ 26} Both affirmative defenses were argued, but from the undisputed testimony, we can only conclude that the "fog wall" was in fact an Act of God and appellees' reactions fall within this exception to negligence. Each driver was not forewarned of the fog except for the blinking of lights and waiving of arms. Their responses were to immediately slow down because of these actions. However, they were immediately engulfed in the fog and struck other vehicles in the accident.
 {¶ 27} We find even when we construe the evidence in appellants' favor and accept the testimony of the witnesses in a light most favorable to appellants, appellees are entitled to judgment as a matter of law.
 {¶ 28} Assignment of Error II is denied.
 III {¶ 29} Appellants claim the trial court erred in granting summary judgment to appellees on the issue of causation of appellant's injury.
 {¶ 30} As we noted in Assignment of Error I, the trial court did not rule on the issue of damages and causation as it agreed discovery would be reconvened if appellants' claim survived summary judgment on the issues of Act of God and sudden emergency.
 {¶ 31} Assignment of Error III is denied.
 {¶ 32} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J., and Hoffman, J., concur.