[Cite as *Megla v. Ohio Dept. of Transp.*, 2011-Ohio-3856.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JODI F. MEGLA

      Plaintiff

      V.

OHIO DEPARTMENT OF
TRANSPORTATION

      Defendant

Case No. 2010-11552-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Jody F. Megla, states she was traveling "east bound toward Willoughby on St. Rt. 2" and had to exit the freeway for gas at the St. Rt. 91 exit. Plaintiff turned right onto St. Rt. 91 and proceeded to turn left across the two southbound lanes of St. Rt. 91 when she encountered several large chunks of heavy, metal debris all over the road "between the confusing array of barrels set up to help direct traffic." Plaintiff asserts she "attempted to avoid the large pieces" of debris but she was unable to and ended up "running right over the [debris] but skidding into the cement wall & then back into the median." Plaintiff relates extensive damage was done to her 1999 Ford Escort including the tires, tire rims, undercarriage, cracked windshield, and multiple dents on the exterior of the vehicle.

{¶ 2} On December 13, 2010, plaintiff submitted additional documentation including a copy of the Eastlake police report and she recalled the incident occurred

Case No. 2006-03532-AD          - 2 -               MEMORANDUM DECISION

around midnight on Friday September 3, 2010 or shortly thereafter in the early morning hours of September 4, 2010.  The Eastlake police officer who took the report related the debris plaintiff struck was "part of a construction sign" and the officer recalled, "[w]e also took a few other reports that night for the same thing."

{¶ 3}  Plaintiff asserts that the damage to her vehicle was proximately caused by negligence on the part of defendant, Department of Transportation ("DOT"), in maintaining an improperly anchored sign on a highway.  Plaintiff seeks damages in the amount of $1,245.36 for automotive repairs. The filing fee was paid.

{¶ 4} Defendant denied liability in this matter contending it did not have any knowledge concerning debris on SR 91 prior to plaintiff's property-damage incident. Defendant determined the roadway area where plaintiff's incident occurred was within the limits of a working construction project under the control of DOT contractor, Anthony Allega Cement Contractor/Great Lakes Construction (Allega).[1]  Defendant explained the construction project dealt "with grading, draining, paving * * * , noise barrier, reinforced

---

[1] Although Allega insists the incident happened in an area that was under the control of Karvo Paving Company, the court finds sufficient evidence has been submitted to establish plaintiff's accident occurred within the limits of the project associated with Allega.

concrete retaining walls, * * * between mileposts 3.32 and 7.75 on SR 2 in Lake County. This project, also, widened parts of SR 91 in Lake County." Defendant contended Allega, by contractual agreement, was responsible for maintaining the roadway within the construction zone and consequently DOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Therefore, DOT argues Allega is the proper party defendant in this action. Defendant implied all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Defendant noted the contractor did not report evidence of debris or other problems at the site on September 3 or 4, 2010.

{¶ 5} In addition, defendant notes plaintiff did not file a police report until September 15, 2010, eleven days after the incident. Thus, according to defendant, "it (is) difficult to determine whether the debris was from a passing truck, or could be attributed to the construction project." Furthermore, defendant contended plaintiff failed to introduce

{¶ 6} sufficient evidence to prove her damage was proximately caused by roadway conditions created by DOT or its contractor. All construction work was to be performed in accordance with DOT requirements and specifications and subject to DOT approval.

{¶ 7} Plaintiff did not file a response.

{¶ 8} Defendant presented a weather condition summary which indicates wind speed maximums were 14-20 mph with maximum gusts of 25 mph during the evening of September 3 and during the morning hours of September 4, 2010, winds were gusting to 30 mph. Defendant also submitted copies of Eastlake Police Department "call for service" reports noting debris on the roadway at SR 91/SR2 from September 3, 2010, at 10:30 p.m. (construction signs blown over in the roadway), and 11:13 p.m. (construction signs in the road again), and on September 4, 2010, at 12:20 a.m. (construction sign in roadway, car ran it over and got flat tires, [reporting officer] removed a sign).

Case No. 2006-03532-AD        - 4 -        MEMORANDUM DECISION

{¶ 9} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 10} The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that DOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of* Transp. (June 28, 2001), Franklin App. 00AP-1119.

{¶ 11} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether DOT

acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by DOT to the traveling public both under normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 12} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St. 3d 79, 2003-Ohio-2573, ¶8, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Stevens v. Indus. Comm'n.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E.2d 198, approved and followed.

{¶ 13} This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477. Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven. Generally, defendant is only liable for roadway conditions of which it has notice, but fails to correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 14} In the instant claim, plaintiff failed to produce sufficient evidence to determine her property damage was caused by a sign that was negligently installed or inspected by defendant or its agents.

{¶ 15} Plaintiff has not shown, by a preponderance of the evidence, that

Case No. 2006-03532-AD          - 6 -          MEMORANDUM DECISION

defendant failed to discharge a duty owed to plaintiff, or that plaintiff's injury was proximately caused by defendant's negligence.  Plaintiff failed to show that her damage was connected to any conduct under the control of defendant or that there was any negligence on the part of defendant or its agents.  *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.   Consequently, plaintiff's claim is denied.

 Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JODI F. MEGLA

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-11552-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Jodi F. Megla
8832 Overlook Drive Apt. 3
Kirtland, Ohio 44094

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa
3/30
Filed 4/25/11
Sent to S.C. reporter 8/5/11