[Cite as *Klisuric v. Ohio Dept. of Transp.*, 2011-Ohio-6910.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES A. KLISURIC

 Plaintiff

 v.

OHIO DEPARTMENT OF TRANSPORTATION

 Defendant

Case No. 2011-06048-AD

Acting Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

{¶1} On March 14, 2011, at approximately 7:08 a.m., plaintiff, James Klisuric, was traveling westbound on State Route 2 "just before the Lost Nation Bridge" when he struck "a pothole that jolted my car very hard and instantly gave me two flat tires and damaged both rims." Plaintiff asserted that the damage to his automobile was proximately caused by negligence on the part of defendant, Department of Transportation (DOT), in maintaining a hazardous roadway condition on SR 2 in a construction area. Plaintiff filed this complaint seeking to recover damages in the amount of $661.70, the cost of two replacement tires, and reimbursement for ten hours of work loss. The filing fee was paid.

{¶2} Defendant acknowledged that the roadway area where plaintiff's property damage incident occurred was located within the limits of a working construction project under the control of DOT contractor, Anthony Allega Cement Contractor/Great Lakes Construction (Allega). Defendant explained that the construction project "dealt with grading, draining, paving with asphalt concrete on an asphalt concrete base in part, paving with reinforced concrete paving in part, noise barrier, reinforced concrete retraining walls, MSE walls and rehabilitating existing structures between mileposts 3.32

and 7.75 in Lake County." Defendant asserted that this particular construction project was under the control of Allega and consequently, DOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that Allega, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, DOT reasoned that Allega is the proper party defendant in this action. Defendant implied that all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove his damage was proximately caused by roadway conditions created by DOT or its contractors. All construction work was to be performed in accordance with DOT requirements and specifications and subject to DOT approval. Also, DOT personnel maintained an onsite inspection presence throughout the construction project limits.

{¶3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶4} Defendant has the duty to maintain its highways in a reasonably safe

condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of DOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that DOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶5} Defendant denied that either DOT or Allega had any knowledge of the particular damage-causing roadway defect plaintiff's car struck. Defendant contended plaintiff failed to offer any evidence of negligent roadway maintenance on the part of ODOT. Defendant submitted an email from Allega representative, Carmen Carbone, who explained that the "pothole occurred in the old existing pavement, not our new or replaced pavement as shown in the attached photos. The attached investigation and daily reports will demonstrate that the work zone had been reviewed every day prior to the occurrence. The attached work zone review reports document road repairs were made on Thursday, March 10, 2011, and reviewed by ODOT." Carbone noted that the road was inspected on March 11, 12, and 13, 2011, and that no potholes were found. Carbone explained that "sometime during the late night due to the weather conditions (see attached weather reports) there occurred some melting and freezing which caused the potholes to pop." Carbone reiterated the DOT position that neither DOT nor Allega had any knowledge of the potholes prior to the morning of March 14, 2011. Carbone denied that the defect plaintiff's car struck was caused by any direct act of Allega personnel.

{¶6} Plaintiff did not file a response.

{¶7} In order to find liability for a damage claim occurring in a construction

area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See, e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462, 465. Defendant's documents suggest that the areas previously patched on March 10, 2011, were located in the eastbound right lane of SR 2.

{¶8}    Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either:  1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD.

{¶9}    In this case, upon review, insufficient evidence has been produced to infer that the roadway was negligently maintained. *Denis*. The trier of fact notes one of the photographs submitted by defendant shows a large area of pavement deterioration which spans several feet in length and another depicts a large, circular patched area surrounded by severely cracked and uneven asphalt. A patch that deteriorates in less than ten days is prima facie evidence of negligent maintenance. See *Matala v. Ohio Department of Transportation*, 2003-01270-AD, 2003-Ohio-2618; *Schrock v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-02460-AD, 2005-Ohio-2479.

{¶10}  However, a pothole patch which may or may not have deteriorated over a longer time frame does not constitute, in and of itself, conclusive evidence of negligent maintenance. See *Edwards v. Ohio Department of Transportation, District 8*, Ct. of Cl. No. 2006-01343-AD, jud, 2006-Ohio-7173. Plaintiff has failed to prove when the pothole that damaged his car had been previously patched or that the patching material was subject to rapid deterioration. Plaintiff has not proven negligent maintenance by providing evidence of multiple repairs. Plaintiff has not produced any evidence to infer

that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to prove that his damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES A. KLISURIC

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

Case No. 2011-0648-AD

Acting Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

James A. Klisuric
7681 St. James Drive
Mentor, Ohio 44060

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

8/3
Filed 8/11/11
Sent to S.C. reporter 1/3/12