[Cite as *Bamberger v. Ohio Dept. of Transp.*, 2011-Ohio-6955.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DIETER J. BAMBERGER

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-06897-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1}    Plaintiff, Dieter Bamberger, states he was traveling "west bound on Rt. 2" when he drove through a construction zone and hit a sign that "was blown over by the wind." Plaintiff asserts the construction zone "was only one lane and I had no way to swerve or avoid the hazard." Plaintiff relates he suffered two flat tires and lost 2.5 hours from work to have the repairs completed. According to plaintiff, the incident occurred on April 20, 2011, at approximately 3:45 a.m. Plaintiff asserts that the damage to his vehicle was proximately caused by negligence on the part of defendant, Department of Transportation (DOT), in maintaining an improperly anchored sign on a highway. Plaintiff seeks damages in the amount of $330.84 for automotive repairs and lost wages. The filing fee was paid.

{¶2}    Defendant denied liability in this matter contending it did not have any knowledge concerning debris on SR 2 prior to plaintiff's property-damage incident. Defendant determined the roadway area where plaintiff's incident occurred was within the limits of a working construction project under the control of DOT contractor, Kokosing Construction Company (Kokosing). Defendant explained the construction project dealt "with grading, draining, planning, pavement repair, pavement sawing,

resurfacing with asphalt concrete and structure repairs in Lake County on SR 2 between mileposts 14.38 and 16.56." Defendant contended Kokosing, by contractual agreement, was responsible for maintaining the roadway within the construction zone and consequently DOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Therefore, DOT argues Kokosing is the proper party defendant in this action. Defendant implied all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Defendant noted the contractor did not report evidence of debris or other problems at the site on April 20, 2011.

{¶3} In addition, defendant notes plaintiff did not report the incident to the contractor. Furthermore, defendant contended plaintiff failed to introduce sufficient evidence to prove his damage was proximately caused by roadway conditions created by DOT or its contractor. All construction work was to be performed in accordance with DOT requirements and specifications and subject to DOT approval.

{¶4} Plaintiff filed a response explaining that he did not report the incident to the contractor because there was no one on site and it was still raining and very dark at the time.

{¶5} Defendant presented an email communication from Kokosing project engineer John Sheeler, who stated that according to the daily inspection reports for April 20 and 21, "no signs needed reset, none were missing, and none damaged."

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7} The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with

roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that DOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of* Transp. (June 28, 2001), Franklin App. 00AP-1119.

{¶8} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether DOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by DOT to the traveling public both under normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶9} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St. 3d 79, 2003-Ohio-2573, ¶8, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Stevens v. Indus. Comm'n.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E.2d 198, approved and followed.

{¶10} This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477. Defendant professed liability cannot be established when requisite notice of the

damage-causing conditions cannot be proven. Generally, defendant is only liable for roadway conditions of which it has notice, but fails to correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶11} In the instant claim, plaintiff failed to produce sufficient evidence to determine his property damage was caused by a sign that was negligently installed or inspected by defendant or its agents.

{¶12} Plaintiff has not shown, by a preponderance of the evidence, that defendant failed to discharge a duty owed to plaintiff, or that plaintiff's injury was proximately caused by defendant's negligence. Plaintiff failed to show that his damage was connected to any conduct under the control of defendant or that there was any negligence on the part of defendant or its agents. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor

Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DIETER J. BAMBERGER

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

Case No. 2011-06897-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION

     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.


                        _____
                        DANIEL R. BORCHERT
                        Deputy Clerk

Entry cc:


Dieter J. Bamberger            Jerry Wray, Director
1627 Pirates Trail              Department of Transportation
Painesville, Ohio  44077       1980 West Broad Street
                               Columbus, Ohio  43223


9/13
Filed 9/21/11
Sent to S.C. reporter 1/27/12