

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STEPHEN REMILLARD

Plaintiff

v.

OHIO STATE HIGHWAY PATROL

Defendant

Case No. 2012-08630-AD

Interim Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶1} 1) Plaintiff, Stephen Remillard, asserted that on November 8, 2012, at approximately 11:30 a.m., he was stopped by Officer Smart of the Ohio State Highway Patrol ("OSHP"). Plaintiff related that the officer informed him he was being stopped for following another vehicle too closely. Plaintiff was directed to step out of the vehicle and was questioned with respect to his red eyes and his most recent use of marijuana. Plaintiff contended that he explained to the trooper that he was a new insurance adjuster traveling from Colorado to the site of storm damage, consequently he had been driving 24 out of the last 28 hours. Furthermore, he had not smoked marijuana.

{¶2} At that point, Trooper Smart questioned him about possession of a red card. (A red card issued by the state of Colorado allows an individual to legally use medical marijuana.) Plaintiff replied he did not possess such a card but that his wife did. Plaintiff was instructed to take a roadside sobriety test and was informed by the trooper that he believed plaintiff was "high" and a K-9 unit would conduct a search.

During the search, the dog alerted on plaintiff vehicle, scratched the rear passenger door and rear passenger quarter panel. Thereafter, a search was conducted of his vehicle but no contraband substance was found. After a brief conversation with the trooper, he was written a warning ticket for following too close and he left the scene of the search.

{¶3} 2) Plaintiff filed this complaint seeking damages in the amount of $1,370.00 to repair the scratches to his vehicle caused by the K-9. While plaintiff contended his hood latch was damaged and one of his digital cameras had "what (appeared) to be thumb or finger prints on the screen that are blacked out and the digital display no longer works," he did not request damages for those conditions. Plaintiff submitted the $25.00 filing fee.

{¶4} 3) Defendant denied liability in this matter. Defendant recounted the reason for and the manner in which plaintiff's vehicle was stopped which was consistent with plaintiff's version of events. However, "Tpr. Smart ask him (plaintiff) to step from his vehicle and administered field sobriety tests specific to marijuana use. The Plaintiff failed the tests." A K-9 was then used to determine if marijuana was present in the vehicle. The K-9 alerted to the odor of marijuana "scratching on the right rear passenger door of the vehicle." Plaintiff admitted that his wife possessed a red card from Colorado and in all likelihood his clothing could contain the odor of marijuana. A search of plaintiff's vehicle revealed that no contraband was recovered.

{¶5} 4) Finally, while OSHP admits that their K-9 scratched the plaintiff's vehicle, OSHP contended that the dog caused only "surface scratches." Defendant submitted affidavits from Tpr. Smart and Sgt. Chris Coverstone which both indicate the scratched caused by the K-9 "were surface scratches and did not cut into the paint."

{¶6} 5) Finally, defendant asserted that "even if the Plaintiff had proven that he suffered a loss, the loss was caused by his own negligent actions. The Plaintiff

admits that he had clothing in his car that was exposed to marijuana smoke.  Even if the Plaintiff or his wife exposed the clothes to marijuana that was smoked legally in Colorado, marijuana is contraband in Ohio.  In Ohio police canines, including Chula, are trained and certified to alert the odor of narcotics, including marijuana.  See, O.A.C. 109:2-7-03 and Exhibit A.  Tpr. Smart utilized Chula exactly how he was trained and certified to be used.  Chula did exactly what any other police K9 in Ohio would have done while sniffing a vehicle that contained items with a narcotic odor.  He would not have alerted and scratched at the car if it didn't contain items that smell like contraband.  Thus, even if the Plaintiff had proven that his vehicle was scratched, his own negligence proximately caused the damage."

{¶7}   6)      Plaintiff submitted a response to defendant's investigation report.  Plaintiff stated that at the time of being stopped, Tpr. Smart informed him he had passed the field sobriety test, but informed him they were searching his vehicle anyway.  Furthermore, if plaintiff had truly failed the sobriety test, plaintiff wonders why he was not arrested.  Plaintiff contended that the opinion of two separate body repair shops concerning the nature of the damage to his vehicle should outweigh the opinion of two OSHP officers.  Plaintiff asserted that OSHP's K-9 scratched his vehicle and this fact was admitted by defendant.  Accordingly, plaintiff's claim should be granted.

{¶8}   7)      Plaintiff submitted an estimate from Al Serra Collision Center which revealed the cost to repair damage to plaintiff's vehicle was $1,020.69.  Plaintiff submitted an estimate from Cliff's Hi-Tech Body Shop, Inc. with his complaint in the amount of $1,370.00.  Plaintiff also submitted color photographs of the damaged area of his vehicle.

{¶9}   8)      Defendant filed an Investigation Report Sur-Reply which stated the black and white pictures of the body of plaintiff's vehicle do not establish "proof that the primer was actually scratched."  Plus, defendant believes the discrepancy in the costs of

the two estimates brings into question the extent of the damages involved.

{¶10} 9)  Plaintiff submitted a response to defendant's Sur-Reply indicating he did send color photographs to the court.  Two photographs show the damage the day after the incident and the third shows the condition of the vehicle after buffing the scratched area twice and washing the vehicle several times.  Finally, plaintiff denied that the estimates he obtained were somehow illegitimate.

CONCLUSIONS OF LAW

{¶11} 1)  In order to recover in a negligence action, the plaintiff must prove the defendant owed him a duty, the breach of the duty, and the damages resulting therefrom.  *Strother v. Hutchinson*, 67 Ohio St. 2d 282, 423 N.E. 2d 467 (1981).  Defendant, in the instant claim, owed plaintiff the duty of reasonable care in respect to protecting plaintiff's car from damage while conducting the search.  *Berry v. Swanton Post,*, 91-09685-AD (1992).  This duty encompasses an exercise of reasonable care to inhibit or curtail the destructive propensities of canines utilized as vehicle search enhancers.  *Swain v. Ohio State Highway Patrol*, 91-07232-AD (1991).  See also, *Baumbick v. Ohio State Patrol*, 2007-09291-AD (2008); *Pruett v. Ohio State Highway Patrol*, 2006-04962-AD (2006).

{¶12} 2)  Defendant may be held liable for property damages caused by a dog under the control of OSHP employees.  *Spradlin v. Ohio State Highway Patrol*, 2002-08971-AD, 2003-Ohio-118.  Also, defendant may bear liability for property damage caused by the negligent acts of OSHP personnel.  See *Moro v. Ohio State Highway Patrol*, 2002-04429-AD (2002).

{¶13} 3)  Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University*, 76-0368-AD (1977).  This court, as trier of fact, determines questions of proximate causation.  *Shinaver v.*

*Szymanski*, 14 Ohio St. 3d 51, 471 N.E. 2d 477 (1984).

**{¶14}** 4)     Black's Law Dictionary Sixth Edition (1990), defines preponderance of the evidence as:  "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not."

**{¶15}** 5)     Black's Law Dictionary Sixth Edition (1990) defines burden of proof as:  "the necessity or duty of affirmatively proving a fact or facts in dispute on an issue raised between the parties in a case.  The obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court."

**{¶16}** 6)     The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.  *State v. DeHass*, 10 Ohio St. 2d 230, 227 N.E. 2d 212 (1967), paragraph one of the syllabus.  The court is free to believe or disbelieve, all or any part of each witness's testimony.  *State v. Antill*, 176 Ohio St. 61, 197 N.E. 2d 548 (1964).  This court finds based on the statements given by defendant's agents, the plaintiff, the color photographs contained in the case file, and the body shop repair estimates, plaintiff's vehicle was damaged as the result of the actions of the K-9.

**{¶17}** 7)     As trier of fact, this court has the power to award reasonable damages based on evidence presented.  *Sims v. Southern Ohio Correctional Facility*, 61 Ohio Misc. 2d 239, 577 N.E. 2d 160 (Ct. of Cl. 1988).

**{¶18}** 8)     Where the existence of damage is established, the evidence need only tend to show the basis for the computation of damages to a fair degree of probability.  *Brewer v. Brothers*, 82 Ohio App. 3d 148, 611 N.E. 2d 492 (12th Dist. 1992).  Only reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits.  *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio*, 102 Ohio App. 3d 782, 658 N.E. 2d 31 (12th Dist. 1995).  The court finds

defendant liable to plaintiff for damages in the amount of $1,020.69, plus the $25.00 filing fee, which may be reimbursed as compensable damages pursuant to the holding in *Bailey v. Ohio Department of Rehabilitation and Correction*, 62 Ohio Misc. 2d 19, 587 N.E. 2d 990 (Ct. of Cl. No. 1990).



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STEPHEN REMILLARD

    Plaintiff

    v.

OHIO STATE HIGHWAY PATROL

    Defendant

Case No. 2012-08630-AD

Interim Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $1,045.69, which includes the filing fee. Court costs are assessed against defendant.

                                        DANIEL R. BORCHERT
                                        Interim Clerk

Entry cc:

Stephen Remillard
3467 Foxridge Drive
Colorado Springs, Colorado 80916

Bridget Coontz
Ohio State Highway Patrol
1970 West Broad Street, Suite 531
Columbus, Ohio 43223

DRB/laa

filed 11/15/13
sent to S.C. Reporter 1/30/14