[Cite as *Gardner v. Ohio Dept. of Transp.*, 2011-Ohio-5571.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JENNIFER GARDNER,

Plaintiff,

v.

OHIO DEPARTMENT OF TRANSPORTATION,

Defendant.

Case No. 2011-04746-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

**{¶ 1}** On March 14, 2011, at approximately 6:50 a.m., plaintiff, Jennifer Gardner, was traveling westbound on State Route 2 when she "struck a massive pothole" and damaged her passenger side front tire. Plaintiff asserted that the damage to her automobile was proximately caused by negligence on the part of defendant, Department of Transportation (DOT), in maintaining a hazardous roadway condition on SR 2 in a construction area. Plaintiff filed this complaint seeking to recover damages in the amount of $961.56, the cost of a replacement tire, wheel, and related repair expenses. The filing fee was paid.

**{¶ 2}** Defendant acknowledged that the roadway area where plaintiff's property damage incident occurred was located within the limits of a working construction project under the control of DOT contractor, Anthony Allega Cement Contractor/Great Lakes Construction (Allega). Defendant explained that the construction project "dealt with grading, draining, paving with asphalt concrete on an asphalt concrete base in part,

paving with reinforced concrete paving in part, noise barrier, reinforced concrete retraining walls, MSE walls and rehabilitating existing structures between mileposts 3.32 and 7.75 in Lake County." Defendant asserted that this particular construction project was under the control of Allega and consequently, DOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that Allega, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, DOT reasoned that Allega is the proper party defendant in this action. Defendant implied that all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove her damage was proximately caused by roadway conditions created by DOT or its contractors. All construction work was to be performed in accordance with DOT requirements and specifications and subject to DOT approval. Also, DOT personnel maintained an onsite inspection presence throughout the construction project limits.

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶ 8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the

burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of DOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that DOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Defendant denied that either DOT or Allega had any knowledge of the particular damage-causing roadway defect plaintiff's car struck. Defendant contended plaintiff failed to offer any evidence of negligent roadway maintenance on the part of ODOT.

{¶ 6} Defendant submitted an email from Allega representative, Carmen Carbone, who explained that the "pothole occurred in the old existing pavement, not our new or replaced pavement as shown in the attached photos. The attached investigation and daily reports will demonstrate that the work zone had been reviewed every day prior to the occurrence. The attached work zone review reports document road repairs were made on Thursday March 10, 2011, and reviewed by ODOT." Carbone noted that the road was inspected on March 11, 12, and 13, 2011, and that no potholes were found. Carbone explained that "sometime during the late night due to the weather conditions (see attached weather reports) there occurred some melting and freezing which caused the potholes to pop." Carbone reiterated the DOT position that neither DOT nor Allega had any knowledge of the potholes prior to the morning of March 14, 2011. Carbone denied that the defect plaintiff's car struck was caused by any direct act of Allega personnel. Plaintiff did not file a response.

{¶ 7} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether DOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from unreasonable risk of harm is the precise duty owed by DOT to the traveling public both under normal traffic conditions and during highway construction projects. See, e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462. Defendant's documents suggest that the areas previously patched on March 10, 2011 were located in the eastbound right lane of SR 2.

{¶ 8} Generally, in order to recover in a suit involving damage proximately

caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD.

{¶ 9} In this case, upon review, insufficient evidence has been produced to infer that the roadway was negligently maintained. *Denis.* The trier of fact notes one of the photographs submitted by defendant shows a large area of pavement deterioration which spans several feet in length and another depicts a large, circular patched area surrounded by severely cracked and uneven asphalt. A patch that deteriorates in less than ten days is prima facie evidence of negligent maintenance. See *Matala v. Ohio Department of Transportation*, 2003-01270-AD, 2003-Ohio-2618;*Schrock v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-02460-AD, 2005-Ohio-2479.

{¶ 10} However, a pothole patch which may or may not have deteriorated over a longer time frame does not constitute, in and of itself, conclusive evidence of negligent maintenance. See *Edwards v. Ohio Department of Transportation, District 8*, Ct. of Cl. No. 2006-01343-AD, jud, 2006-Ohio-7173. Plaintiff has failed to prove when the pothole that damaged her car had been previously patched or that the patching material was subject to rapid deterioration. Plaintiff has not proven negligent maintenance by providing evidence of multiple repairs. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to prove that her damage was proximately caused by any negligent act or omission on the part of ODOT or its agents.

See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JENNIFER GARDNER,                              Case No. 2011-04746-AD

    Plaintiff,

    v.                                         Acting Clerk Daniel R. Borchert

OHIO DEPARTMENT OF TRANSPORTATION,

    Defendant.                                 ENTRY OF ADMINISTRATIVE
                                               DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth

in the memorandum decision filed concurrently herewith, judgment is rendered in favor

of defendant.  Court costs are assessed against plaintiff.




                                    DANIEL R. BORCHERT
                                    Acting Clerk

Entry cc:


Jennifer Gardner                          Jerry Wray, Director
500 Trailwood Drive                       Department of Transportation
Painesville, Ohio  44077                  1980 West Broad Street
                                          Columbus, Ohio  43223



7/6
Filed 7/19/11

Sent to S.C. Reporter 10/27/11