[Cite as *Smith v. Ohio Dept. of Transp.*, 2011-Ohio-6587.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRIDGETTE C. SMITH

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2011-05769-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1}   Plaintiff, Bridgette Smith, filed this action against defendant, Department of Transportation (ODOT), contending she suffered property damage as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 71 northbound.  Plaintiff related she was traveling on Interstate 71 when she "hit a pothole so hard it jarred the windshield wiper blades into the on position."  Plaintiff recalled the described incident occurred on March 18, 2011 at approximately 2:00 p.m.  Plaintiff requested damage recovery in the amount of $598.41, the stated total cost of replacement parts, related repair expenses, and reimbursement of the filing fee.  The filing fee was paid.

{¶2}   Defendant determined plaintiff's incident occurred "at county milepost 3.01 or state milepost 198 on I-71 in Wayne County."  Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's March 18, 2011 incident.  Defendant related that "[t]his section of roadway has an average daily traffic count" of over 30,000 vehicles.  Defendant asserted  plaintiff did not offer any evidence to establish the length of time that any pothole existed at milepost 198 on I-71 prior to her incident.

{¶3}   Additionally, defendant contended that plaintiff did not offer any evidence

to prove that the roadway was negligently maintained. Defendant advised that the ODOT "Wayne County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to March 18, 2011. Defendant argued that plaintiff has failed to offer any evidence to prove her property damage was attributable to any conduct on the part of ODOT personnel. Defendant asserted that the roadway was "in good condition at the time and in the general vicinity of Plaintiff's incident." Defendant stated that, "[a] review of the six-month maintenance history [record submitted] for the area in question reveals that four (4) pothole patching operations were conducted in the general vicinity of plaintiff's incident." Defendant noted, "that if ODOT personnel had detected any further defects they would have been reported and promptly scheduled for repair."

{¶4} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶5} Defendant had the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996),

112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶6}   Plaintiff filed a response stating that the pothole she struck was located "on the seam of the lanes" and that as of July 2, 2011, the area has not been repaired.

{¶7}   In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident.   *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct.   *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶8}   Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either:   1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently.   *Denis v. Department of Transportation* (1976), 75-0287-AD.   Plaintiff has not submitted any evidence to establish ODOT had actual notice of the pothole condition prior to plaintiff's incident.   Therefore, in order to recover plaintiff must produce evidence to prove constructive notice of the defect or negligent maintenance.

{¶9}    "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge."   *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429.   "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard* at 4.   The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed.   *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶10} In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence.   *Guiher v.*

*Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown ODOT had constructive notice of the pothole.

{¶11} Plaintiff has not produced sufficient evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶12} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiff failed to prove that her property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRIDGETTE C. SMITH

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2011-05769-AD

Acting Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

                                  _____

                                  DANIEL R. BORCHERT
                                  Acting Clerk

Entry cc:

Bridgette C. Smith                Jerry R. Wray, Director
5774 Albany Trace              Department of Transportation
Westerville, Ohio  43081       1980 West Broad Street
                                Columbus, Ohio  43223

7/20
Filed 8/1/11
Sent to S.C. reporter 12/20/11