[Cite as *Day v. Ohio Dept. of Transp., Dist. 8*, 2011-Ohio-6906.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARILYN DAY

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION-DISTRICT 8

    Defendant

Case No. 2011-05921-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1}     Plaintiff, Marilyn Day, filed this action against defendant, Department of Transportation (ODOT), contending that she suffered property damage as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 71 southbound in Cincinnati. Plaintiff related that she was traveling in the far right lane "on Saturday, March 19[th] at approximately 12:30 AM" when she "hit a large pothole that damaged the passenger side tires." Plaintiff requested damage recovery in the amount of $1,011.48, the stated total cost of replacement tires, related repair expenses, and reimbursement of the filing fee. Plaintiff indicated that she received insurance payments less the cost of her insurance deductible and a "tire betterment adjustment." As such, plaintiff's damage claim for repair expenses is limited to her insurance coverage deductible.[1] The $25.00 filing fee was paid.

{¶2}     Defendant determined that plaintiff's incident occurred at milepost 17.79 on I-71 in Hamilton County. Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to

---

[1] R.C. 2743.02(D)

"(D) Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant. This division does not apply to civil actions in the court of claims against a state university or college under the circumstances described in section 3345.40 of the Revised Code. The collateral benefits provisions of division (B)(2) of that section

plaintiff's March 19, 2011 incident. Defendant related that, "[t]his section of roadway has an average daily traffic count" of over 125,000 vehicles. Defendant asserted that plaintiff did not offer any evidence to establish the length of time that the pothole existed on I-71 southbound prior to his incident.

{¶3} Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant advised that the ODOT "Hamilton County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to March 19, 2011. The claim file is devoid of any inspection record prepared by the Hamilton County Manager. Defendant argued that plaintiff has failed to offer any evidence to prove that her property damage was attributable to any conduct on the part of ODOT personnel. Defendant asserted that the roadway was "in relatively good condition at the time of plaintiff's incident." Defendant stated that, "[a] review of the six-month maintenance history [record submitted] for the area in question reveals that three (3) pothole patching operations were performed *at southbound milepost 17.79*." (Emphasis added.) Defendant's maintenance records show those potholes were patched on February 16, 2011, March 9, 2011, and March 17, 2011. Defendant noted, "that if ODOT personnel had detected any potholes they would have been reported and promptly scheduled for repair."

{¶4} Plaintiff filed a response asserting that the incident actually happened on Sunday, March 27th at 12:30 a.m. Plaintiff included a statement from her passenger who also witnessed the property-damage event.

{¶5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the

apply under those circumstances."

burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶6}  Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7}  In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶8}  Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either:  1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. A pothole patch which deteriorates in less than ten days is prima facie evidence of negligent maintenance. *Matala v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-01270-AD, 2003-Ohio-2618; *Schrock v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-02460-AD, 2005-Ohio-2479; *Fisher v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-04869-AD, 2007-Ohio-5288. See also *Romes v. Ohio Dept. Of Transp.*, Ct. of Cl. No. 2008-01286-AD, 2008-Ohio-4624. According to the investigation report submitted by defendant, plaintiff's vehicle was damaged by a pothole that had been patched as

recently as March 17, 2011, and the repair patch had failed by March 27, 2011.

{¶9} The fact the pothole plaintiff's car struck deteriorated in a time frame of ten days (or even slightly more than ten days) does not negate application of the standard expressed in *Matala*, supra. See *Marsh v. Ohio Dept. of Transp.*, 2006-01912-AD, 2006-Ohio-7204; *Underwood v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2011-03782-AD. Negligence in this action has been proven and defendant is liable for the damage claimed, including filing fee costs.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARILYN DAY

     Plaintiff

     v.

OHIO DEPT. OF TRANSPORTATION, DISTRICT 8

     Defendant

Case No. 2011-05921-AD

Acting Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $525.00, which includes the filing fee. Court costs are assessed against defendant.

                    DANIEL R. BORCHERT
                    Acting Clerk

Entry cc:

Marilyn Day                     Jerry Wray, Director
10240 Mt. Nebo Road           Department of Transportation
North Bend, Ohio 45052         1980 West Broad Street
                               Columbus, Ohio 43223

8/1
Filed 8/10/11
Sent to S.C. reporter 1/3/12