[Cite as *Hassay v. Ohio Dept. of Transp.*, 2011-Ohio-6996.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DARLENE HASSAY

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-08237-AD

Deputy Clerk Daniel R. Borchert

## MEMORANDUM DECISION

{¶1} On April 18, 2011, at approximately 7:15 a.m., plaintiff, Darlene Hassay, was traveling north on State Route 11 when she struck a deep pothole and damaged her car. Plaintiff asserted that the damage to her automobile was proximately caused by negligence on the part of defendant, Department of Transportation (DOT), in maintaining a hazardous roadway condition on SR 11 in a construction area. Plaintiff filed this complaint seeking to recover damages in the amount of $460.30, the cost of two replacement rims and associated automobile repairs. The filing fee was paid.

{¶2} Defendant acknowledged that the roadway area where plaintiff's property damage incident occurred was located within the limits of a working construction project under the control of DOT contractor, Marucci & Gaffney Excavating Co. (M&G). Defendant explained that the construction project "dealt with resurfacing with asphalt concrete, guardrail upgrading, replacing highway signing and rehabilitating numerous bridges using a design build contract." Defendant located plaintiff's incident at milepost 9.28 on SR 11 in Trumbull County, which is within the project limits. Defendant asserted that this particular construction project was under the control of M&G and

consequently, DOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that M&G, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, DOT reasoned that M&G is the proper party defendant in this action. Defendant implied that all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove her damage was proximately caused by roadway conditions created by DOT or its contractors. All construction work was to be performed in accordance with DOT requirements and specifications and subject to DOT approval. Also, DOT personnel maintained an onsite inspection presence throughout the construction project limits.

{¶3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67

Ohio App. 3d 723, 588 N.E. 2d 864. The duty of DOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that DOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶5} Defendant denied that either DOT or M&G had any knowledge of the particular damage-causing roadway defect plaintiff's car struck. Defendant contended plaintiff failed to offer any evidence of negligent roadway maintenance on the part of DOT. Defendant submitted an email from M&G representative, William Gaffney Jr., who maintained that M&G did not receive any complaints of a pothole prior to plaintiff's incident and that plaintiff failed to present any evidence to M&G to substantiate her claim of property damage. Gaffney stated that project records for April 15 and April 18, 2011, "do not indicate that [M&G] personnel were notified by ODOT or any individual traversing the Highway that a pothole existed within the public driving lanes of the project at the location identified by the Plaintiff." Gaffney reiterated the DOT position that neither DOT nor M&G had any knowledge of the pothole prior to the morning of April 18, 2011. Gaffney denied that the defect plaintiff's car struck was caused by any direct act of M&G personnel.

{¶6} Plaintiff did not file a response.

{¶7} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether DOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from unreasonable risk of harm is the precise duty owed by DOT to the traveling public both under normal traffic conditions and during highway construction projects. See, e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶8} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1)

defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD.

{¶9}    In this case, upon review, insufficient evidence has been produced to infer that the roadway was negligently maintained. *Denis*. Plaintiff asserts that the pothole has been patched several times since her damage event occurred. A patch that deteriorates in less than ten days is prima facie evidence of negligent maintenance. See *Matala v. Ohio Department of Transportation*, 2003-01270-AD, 2003-Ohio-2618;*Schrock v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-02460-AD, 2005-Ohio-2479. However, plaintiff did not establish that the pothole she struck had been previously patched or that the patching material was subject to rapid deterioration. Plaintiff has not proven the damage to her car was the result of negligent maintenance despite her assertions that  multiple repairs were performed after her incident occurred.  Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.  Plaintiff has failed to prove that her damage was proximately caused by any negligent act or omission on the part of ODOT or its agents.  See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DARLENE HASSAY

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-08237-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Darlene Hassay
1024 Illinois Avenue
McDonald, Ohio  44437

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

10/3
Filed 10/7/11
Sent to S.C. reporter 2/16/12